```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

AURELIO DUCLERC,
    Plaintiff,

    v.                                               Civil Action
                                                    No. 10-12050-DPW

JAMES BENDER, ET AL.,
    Defendants.

                          MEMORANDUM AND ORDER
                            December 16, 2010

WOODLOCK, D.J.

I.    INTRODUCTION

    On November 18, 2010, plaintiff Aurelio Duclerc ("Duclerc"), a prisoner at MCI Cedar Junction, filed a Complaint against three prison officials, alleging that his continued confinement in the Disciplinary Department Unit ("DDU"), in order to serve a sanction imposed during a prior period of incarceration, violates his due process rights.[1] In the body of the Complaint, Duclerc seeks, *inter alia*, compensatory and punitive damages, as well as a temporary restraining order/preliminary injunction. He also

---

[1] Duclerc relies, in part, on the opinion by Magistrate Judge Dein finding the placement of pretrial detainees in the DDU to serve earlier sanctions imposed during a previous incarceration to be violative of due process. *See Ford, et al., v. Clarke, et al.*, Civil Action No. 07-11457-JGD, Memorandum and Order at 31-32 (Docket No. 130)(stating, in relevant part, that "[the plaintiff] cannot be held in the DDU as a pretrial detainee as a punishment for an infraction of disciplinary rules which occurred while he was serving a sentence that had since been concluded. Under the facts presented here, this would constitute punishment for a crime which had not yet been proven, in violation of his substantive due process rights.... The failure of the DOC defendants to provide [the plaintiff] with any hearing before he was placed in the DDU as a pretrial detainee violated his rights to procedural due process.").

seeks to bring this action as a class action, and to have this Court appoint the law firm WilmerHale to represent him.

Accompanying the Complaint, Duclerc filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

On November 30, 2010, a Procedural Order (Docket No. 4) issued denying without prejudice Duclerc's Motion for Leave to Proceed *in forma pauperis* because no certified prison account statement was filed as required by 28 U.S.C. § 1915.

Thereafter, Duclerc submitted a renewed Motion for Leave to Proceed *in forma pauperis* (Docket No. 6) along with his prison account statement, as well as a Motion to Appoint Counsel (Docket No. 5).

II. DISCUSSION

    A.   <u>The Motion for Leave to Proceed *In Forma Pauperis*</u>

Upon review of Duclerc's financial disclosures, I find he lacks sufficient funds to pay the $350.00 filing fee for this action. Accordingly, his renewed Motion for Leave to Proceed *in forma pauperis* (Docket No. 6) is <u>ALLOWED</u>. However, because Duclerc is a prisoner, he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b).

In light of this, it is hereby Ordered that:

    1.   Plaintiff Duclerc is assessed an initial partial filing fee of <u>$.04</u>, pursuant to 28 U.S.C. § 1915(b)(1)(B);[2]

---

[2] The assessment of the filing fee is based on the certified prison account statement indicating 20% of the average six-month

2

2.   The remainder of the fee, $344.96, is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

Duclerc has filed another lawsuit in this Court. *See Ford, et al. v. Clarke, et al.*, Civil Action No. 10-11202-JCB. Therefore, for purposes of clarification for the Accounting Department of the Clerk's Office for collection and record-keeping purposes, and for the benefit of the Treasurer's Office at MCI Cedar Junction, it is hereby Ordered that any installment payment(s) paid by Duclerc or by the Treasurer's Office on his behalf shall be applied toward the earliest assessment first. In other words, there shall be no apportionment of installment payments among plaintiff's civil actions in this Court or others, nor shall the Clerk collect each assessment simultaneously.[3]

---

average daily balance.  This assessment is made without prejudice to Duclerc seeking reconsideration provided he submit an alternative figure calculated in accordance with the formula set forth in 28 U.S.C. § 1915(b). Further, the initial partial assessment is made notwithstanding that collection of the assessed fee may be problematic since Duclerc does not have sufficient funds in his prison account. Nevertheless, the *in forma pauperis* statute provides for assessment, with collection to be made "when funds exist." 28 U.S.C. § 1915(b)(1).

[3]*See Ruston v. NBC Television*, No. 06-4672-cv (2d Cir. 2009) *citing Whitfield v. Scully*, 241 F.3d 264, 277 (2d Cir. 2001). *See also Lafauci v. Cunningham*, 139 F. Supp. 2d 144, 147 (D. Mass. 2001)(reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").

B. <u>The Request to Proceed as a Class Action and the Request for Appointment of WilmerHale as *Pro Bono* Counsel</u>

After a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, I will permit this action to proceed at this time; however, Duclerc seeks, in the body of his Complaint, to bring this action as a class action. He has not formally moved for class action certification in accordance with the federal rules of procedure. *See* Fed. R. Civ. P. 23. Nevertheless, I have an independent obligation to determine whether this action may be maintained as a class action "as soon as practicable." *See* Fed. R. Civ. P. 23(c)(1); *Caputo v. Fauver*, 800 F. Supp. 168, 169 (D.N.J. 1992); *accord, Shaffery v. Winters*, 72 F.R.D. 191, 193 n.1 (S.D.N.Y. 1976). Under the rules, one or more individuals can be considered to be "named plaintiffs" representing all members of the class, while other parties are part of the class without being named in the lawsuit. "Represent" under Rule 23 relates to the ability of the named plaintiff to speak for all members of the class; it does not mean "represent" in the sense of having a lawyer. While a non-attorney plaintiff cannot act as a lawyer for the class, Duclerc could -- if he met the requirements of the rules -- serve as a plaintiff representative. However, Rule 23 and the Prison Litigation Reform Act, 42 U.S.C. § 1997e, require that certain standards be met before there can be a certified class with

4

Duclerc as the class representative. For example, a basic requirement for all class actions is that the named plaintiff "fairly and adequately" represent the other members of the class. Fed. R. Civ. P. 23(a)(4). Courts have generally recognized that a non-attorney, *pro se* prisoner cannot "fairly and adequately" represent the interests of fellow inmates in a class action. *See Caputo*, 800 F. Supp. at 170. *See also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Cahn v. United States*, 269 F. Supp. 2d 537, 547 (D.N.J. 2003); *Hussein v. Sheraton New York Hotel*, 100 F. Supp. 2d 203, 206 (S.D.N.Y. 2000). Thus, I could not certify a class without appointing counsel. Fed. R. Civ. P. 23(g)(1)(A). Perhaps in anticipation of this, Duclerc has sought the appointment of *pro bono* counsel, and specifically requests the law firm WilmerHale be appointed.

At this juncture, absent a response from the defendants, I cannot evaluate thoroughly whether this case presents exceptional circumstances warranting the appointment of *pro bono* counsel either for Duclerc individually or for a class of inmates.

Accordingly, I <u>DENY</u> Duclerc's request to bring this action as a class action, and to appoint *pro bono* counsel. This denial is without prejudice to renew a request for class certification in accordance with Fed. R. Civ. P. 23 and for appointment of *pro bono* counsel, <u>after</u> a responsive pleading has been filed by the defendants.

C.  The Motion to Appoint Counsel

In addition to the request in the body of his Complaint, Duclerc filed a formal Motion to Appoint Counsel (Docket No. 6). In that motion, Duclerc contends that this action is similar to the Ford v. Bender, et al., action (Civil Action No. 07-11457-JGD) and a law firm has been appointed in that case. Additionally, Duclerc argues that this case has merit, and points to the fact that partial summary judgment was rendered in inmate Ford's favor. Finally, he asserts he is unskilled in the law, and speaks broken English.

For the reasons noted above, I will DENY Duclerc's Motion to Appoint Counsel (Docket No. 6) at this time; again, it is necessary to review the defendants' response to Duclerc's Complaint in order to gauge whether appointment of counsel, and the expenditure of scarce *pro bono* resources, is warranted. Duclerc may renew a request for appointment of *pro bono* counsel after the defendants have filed a responsive pleading, and I will reconsider the matter at that time.

D.  The Request for a TRO/Preliminary Injunction

In the body of the Complaint, Duclerc seeks a TRO and/or Preliminary Injunction. To obtain the extraordinary remedy of preliminary injunctive relief, Duclerc must show that: (1) he will suffer irreparable harm absent an injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely

to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. *Planned Parenthood League of Mass. v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981); *see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop*, 839 F. Supp. 68, 70 (D. Me. 1993) (extending four part preliminary injunction test to temporary restraining orders). To warrant the more extraordinary relief of a temporary restraining order, Duclerc must demonstrate that his injury of loss is "immediate and irreparable." Fed. R. Civ. P. 65(b).

As an initial matter, Duclerc has not certified efforts to give notice to the adverse parties regarding this dispute. Moreover, Duclerc fails to specify the parameters of the injunctive relief sought (he merely makes a general request for injunctive relief). Further, he makes no arguments in support of his request for emergency or expedited relief. Even presuming that he seeks an order that to be removed from the DDU and placed in the general population, I find that Duclerc fails to meet his burden to show that preliminary injunctive relief (in any form) is warranted on an *ex parte* basis or on an emergency or expedited basis. At this juncture, I cannot gauge the likelihood of success on the merits or weigh the harm to the parties in a meaningful fashion without the benefit of a responsive pleading by the defendants.

Accordingly, Duclerc's requests for a Temporary Restraining

Order or Preliminary Injunction (contained in the body of the Complaint) is <u>DENIED</u> without prejudice to renew after a responsive pleading is filed.

    D.    <u>Issuance of Summonses and Service of Process</u>

As noted above, I will permit this action to proceed at this time, and will direct the issuance of summonses by the Clerk, and will direct the United States Marshal service to effect service as directed by Duclerc, and advance the costs of service. III.

CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 6) is <u>ALLOWED</u> and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2. Plaintiff's request to treat this case as a class action and for appointment of *pro bono* counsel (both contained in the body of the Complaint) are <u>DENIED</u> without prejudice to renew after a responsive pleading is filed, upon a motion filed in accordance with Rule 23 of the Federal Rules of Civil Procedure;

3. Plaintiff's Motion to Appoint Counsel (Docket No. 5) is <u>DENIED</u> without prejudice to renew after the defendants have filed a responsive pleading;

4. Plaintiff's request for a temporary restraining order and/or preliminary injunction (contained in the body of the Complaint) is <u>DENIED</u> without prejudice to renew after a responsive pleading is filed;

5. The Clerk shall issue summonses as to each defendant; and

6. The Clerk shall send the summons(es), Complaint, and this Order to the plaintiff, who must thereafter serve the defendant(s) in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal shall

serve the summons(es), complaint, and this Order upon the defendant, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

SO ORDERED.

/s/ Douglas P. Woodlock
UNITED STATES DISTRICT JUDGE